USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/29/2022_

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In Re Ex Parte Application of BAYERISCHE
MOTOREN WERKE AG

     Applicant,

for an Order Pursuant to 28 U.S.C. Section
1782 Granting Leave to Obtain Discovery
for Use in Foreign Proceeding.

Case No. 7:22-mc-00094-NSR

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, and adequately protect confidential materials, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt::

## 1. PURPOSE AND LIMITATIONS

1.1     Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order shall be used by a Receiving Party solely for (i) the above-captioned case and all related appeals or (ii) the Action and all related appeals, and shall not be used directly or indirectly for any other purpose whatsoever, except as expressly provided for herein and/or agreed to by the Producing Party.

1.2     Nothing in this Protective Order shall be construed to require a Producing Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of the Court. Production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this Protective Order shall not prejudice the right of any Producing Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.  Similarly, no Producing Party waives any right to object on any ground to the admissibility of any of the Discovery Material, or portion thereof, covered by this Protective Order.  Likewise, nothing in this Protective Order shall prejudice the right of any Receiving Party to challenge the confidentiality designation of any materials produced and designated under this Protective Order.

1.3     Disclosure and discovery activity in the above-captioned case may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Accordingly, the Parties hereby stipulate to and petition the Court to enter this Protective Order.

## 2.     DEFINITIONS

2.1     The "Action":  *Arigna Technology Limited v. Bayerische Motoren Werke AG, et al.,* No. 440403/22 (filed on January 11, 2022 in Germany) and consequent appeals before the Court of Appeal and Federal Court of Justice.

2.2     "CONFIDENTIAL" information (regardless of how it is generated, stored or maintained) or tangible things that contains or reflects confidential, proprietary, and/or commercially sensitive information.

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  A Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

2.6     Expert:  A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or a litigation consultant in the Action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for the Action), and who is not a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Information or Items that contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

2.8     House Counsel:  Attorneys (as well as their support staff) who are employees of the Receiving Party and who have responsibility for managing the above-captioned case or the Actions. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.10 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party but are retained to represent or advise a Party in connection with the the Action and have entered an appearance on behalf of that Party in the Action.

2.11 <u>Party or Parties</u>: Arigna Technology Limited and Bayerische Motoren Werke AG.

2.12 <u>Producing Party</u>: A Party or Non-Party that produces Discovery Material pursuant to this protective order.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. For the avoidance of doubt, Professional Vendors does not include professional jury or trial consultants or mock jurors.

2.14 <u>Protected Material</u>: Any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Protective Order.

2.15 <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

**3. SCOPE**

3.1 The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, derivations or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.  Notwithstanding the foregoing, a Producing Party may not disclose its own Protected Material to the extent such Protected Material is also the Protected Material of any other Party (*e.g.*, agreements containing confidentiality obligations), without the prior written consent of such other party, unless compelled to do so by a Court of competent jurisdiction.

3.3     Nothing in this Protective Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party that is:  (i) in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; (ii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (iii) previously produced, disclosed and/or provided by the Designating Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Designating Party; or (v) pursuant to order of the Court.

3.4     Nothing in this Protective Order shall restrict a Producing Party's use or disclosure of Discovery Material it produces that is designated as Protected Material by another Party or Non-Party, if it was previously disclosed, produced, or provided by the Designating Party to the Producing Party.

3.5     Nothing in this Protective Order shall be construed to preclude any Party's right to seek to file any Protected Material with the Court under seal.  This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 4.     DURATION

4.1     Even after final disposition of the Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or that information otherwise becomes public.  Final disposition occurs after an order, mandate, or dismissal finally terminating the Action with prejudice, including all appeals.

## 5.     DESIGNATING PROTECTED MATERIAL

5.1     <u>Manner and Timing of Designations</u>.  The Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Protective Order requires:

(a)     For information in documentary form (e.g., paper or electronically stored information ("ESI"), but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.[1]

(b)     A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") as set forth in the preceding paragraph.

(c)     For electronic files and documents produced in native electronic format, that the Producing Party append to the file names or designators information indicating whether the files contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an Expert, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

---

[1]  This protective order does not account for the provision of any source code, and the Parties agree that, to the extent production of source code is appropriate and required, a supplemental protective order with additional disclosure protections and procedures will be necessary.

(d)     Each Party shall give the other Party notice if it reasonably expects a hearing or other proceeding to include the other Party's Protected Material so that the other Party can ensure that only authorized individuals are present at those proceedings.

(e)     For all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.2     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.  Following a correction of a designation, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

## 6.     ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     <u>Basic Principles</u>.  All Protected Material shall be used solely for the above-captioned case and the Action, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order or another Order of this Court.  When the Actions have been terminated, the Receiving Party must comply with the provisions of Sections 4.1, 11.5 and 12 herein.

6.2     <u>Duty to Object to Third Party Effort to Access in the Action</u>.  After and to the extent a Receiving Party receives notice that a third party to the Action is attempting to access

Protected Material in the Action, the Receiving Party will object to any attempt by a third party to access any Protected Material submitted to the court in any Action. After receiving notice, a Receiving Party will promptly notify the Designating Party and its counsel of any attempt by a third party to the Action to access any such Protected Material from those proceedings, or of any attempt by any third party to intervene in the Action, in sufficient time to allow the Designating Party to object, with the Receiving Party's assistance and the cooperation of the parties in the proceeding, and to have such objection timely resolved by the German court to ensure adequate protections remain in place.

6.3     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of said Outside Counsel of Record in the Action, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this case or the Action;

(b)     One (1) House Counsel identified in accordance with Section 6.6 below prior to any disclosure, (1) to whom disclosure is reasonably necessary for the Action, (2) who are not involved in competitive decision-making as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support staff to whom disclosure is reasonably necessary, provided

that such support staff are not involved in competitive decision-making and have signed
the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)     Experts (as defined in this Protective Order) retained by the Receiving
Party to whom disclosure is reasonably necessary for the Action provided that (1) such
Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2)
such Expert has no involvement in competitive decision-making (as defined by *U.S. Steel
v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)) for the Receiving Party; and
(3) no unresolved objections to such disclosure exist after proper notice has been given to
all Parties as set forth in Section 6.6;

      (d)     Professional Vendors to whom disclosure is reasonably necessary for the
Action and who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A);

      (e)     the Court in the above-captioned case and the Action and their respective
personnel;

      (f)     court reporters and their staff to whom disclosure is reasonably necessary
for the Action and who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A);

      (g)     the Designating Party or its employees, the author or recipient of a
document containing the information, or a custodian or other person who otherwise
possessed or knew the information; and

      (h)     any other person with the prior written consent of the Designating Party.

6.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this case;

(b)      Experts (as defined in this Protective Order) retained by the Receiving Party in the Action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (1) such Expert has agreed to be bound by the provisions of the Protective Order by signing a copy of "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2) such Expert is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (3) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 6.6.

(c)      Professional Vendors to whom disclosure is reasonably necessary for this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court in the above-captioned case and the Action and their respective personnel;

(e)     court reporters and their staff to whom disclosure is reasonably necessary for this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     any other person with the prior written consent of the Designating Party.

6.5     <u>Procedures for Approving or Objecting to Disclosure of Protected Material</u>.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, prior to disclosing any Protected Material to any person described in Sections 6.3(b), 6.3(c), or 6.4(b) (referenced below as "Person"), the party seeking to disclose such Protected Material first must make a written request to the Designating Party that:

i.     sets forth the full name of the Person and the city and state of his or her residence, and

ii.     states the present employer and the title of the Person;

iii.     for any Expert, includes (a) an up-to-date curriculum vitae of the Person (including the Person's name and business/professional title and business address); (b) a list of other cases in which the Person has testified (at trial or deposition) within the last ten (10) years; (c) a list of all companies by which the Person has been employed within the last five (5) years, the dates of the employment, and a brief description of the subject matter of the employment; and (d) a list of all companies with which the Person has consulted within the last five (5) years, the dates of the consultancy, and a brief description of the subject matter of the consultancy.  This paragraph does not require the Disclosing Party to disclose aspects of any Expert's business or profession or companies with which

the proposed expert has consulted or by which the proposed expert has been employed to the extent such information is subject to a non-disclosure agreement or other legal or contractual confidentiality obligations by the expert to a third party; in any such instance, the Disclosing Party will describe the confidential information / experience in such a manner as to enable the other parties to determine whether any concerns exist regarding the Disclosing Party's retention of that expert.

(b)     Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Designating Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

(c)     A Party that makes a request and provides the information specified in Sections 6.6(a) and 6.6(b) may disclose the subject Protected Material to the identified Person unless, within ten (10) days of delivering the request and providing all the information required to be disclosed by this section, the Party receives a written objection from the Designating Party.  Any such objection must be in writing and set forth good cause for the objection.  For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Protective Order.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.

(d)       A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue; other forms of communication are not sufficient) to try to resolve the matter by agreement within 10 (10) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Person may file a motion in the Action seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Person is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(e)       In any such proceeding, the Party opposing disclosure to the Person shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the relevant Person.

(f)       Upon receipt, a Receiving Party shall provide the Designating Party with a copy of each signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) referenced herein.

6.6       Use of Protected Material.  Any Protected Material may be introduced or submitted during the Action only if the Receiving Party takes reasonable steps and makes all reasonable confidentiality requests to the court that are available under German procedural law to protect the confidentiality of such Protected Material, including:  (a) in the case of written

submissions, requesting that the German court exclude any Protected Materials from any third party access to the court files and to keep them separate from other submissions in the Action; (b) in the case of written submissions, redacting, to the extent reasonably possible, any Protected Material, and requesting that only the persons permitted access to such Protected Material under this Protective Order are the recipients of such information; (c) in the case of a Receiving Party that requests inspection of the court file in the Action, ensuring that Receiving Party's outside counsel and any others retained or employed by Receiving Party who may receive access to Protected Material as a result of such request have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (d) requesting that the German court seal the courtroom from the public, including the Party representatives who are not permitted access to Protected Material under this Protective Order, during those portions of court hearings when the Protected Material is to be discussed, and to the extent reasonably practicable, otherwise referring to citations to the written record for Protected Material during court proceedings in lieu of the content of Protected Material where members of the public or others are present who are not permitted access to Protected Material.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

7.1     If a Party is served with a subpoena or a court order issued by any court, arbitral, administrative, or legislative body that compels disclosure of any information or items designated pursuant to this protective order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and object to producing any such Protected Material. Such notification shall include a copy of this Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  The Designating Party shall bear the burden and expense of seeking protection of its material designated as CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## 8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve improperly disclosed Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Any production of privileged or otherwise protected material that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection.

## 10.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10.1    <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

10.3    <u>Judicial Intervention</u> If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge the designation in the Action within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration

affirming that the movant has complied with the meet and confer requirements imposed in the

preceding paragraph.

All parties shall continue to afford the material in question the level of protection to

which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 11. MISCELLANEOUS

11.1    Right to Further Relief.  Nothing in this Protective Order abridges the right of any

person to seek its modification in the Action in the future.  By stipulating to this Protective

Order, the Parties do not waive the right to argue that certain material may require additional or

different confidentiality protections than those set forth herein.

11.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

Order, no Party waives any right it otherwise would have to object to disclosing or producing

any information or item on any ground not addressed in this Protective Order.  Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered

by this Protective Order.  This Protective Order shall not constitute a waiver of the right of any

Party to claim in the Action or otherwise that any Discovery Material, or any portion thereof, is

privileged or otherwise non-discoverable, or is not admissible in evidence in the Action or any

other proceeding.

11.3    Filing Protected Material.  Protected Material may not be filed unless it is filed

under seal. A Party that seeks to file under seal any Protected Material must comply with the

rules governing such filings in the Action.

11.4    Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in

this Protective Order shall be construed to change the burdens of proof or legal standards

applicable in disputes regarding whether particular Discovery Material is confidential, which

level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what

restrictions should apply.

## 12.      FINAL DISPOSITION

12.1      Unless otherwise ordered or agreed in writing, within 90 days after the final

disposition of the Action, as defined in Section 4.1, the Receiving Party, including Outside

Counsel for the Receiving Party, shall destroy or return all Protected Material, including

Protected Material included in work product, pleadings, motion papers, legal memoranda,

correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations"), with

the exception that the obligation to destroy all copies of such Discovery Material shall not extend

to copies stored in disaster recovery backups or other data sources that are not reasonably

accessible.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Discovery

Material.  Whether the Discovery Material is returned or destroyed, the Receiving Party must

submit a written certification to the respective outside counsel of the Producing Party (and, if not

the same person or entity, to the Designating Party) by the 90 day deadline that (a) identifies (by

category, where appropriate) all the Protected Material that was returned or destroyed and (b)

affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

or any other format reproducing or capturing any of the Discovery Material.  Notwithstanding

this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

exhibits, expert reports, attorney work product, and consultant and expert work product, even if

such materials contain Protected Material.  Any such archival copies that contain or constitute

Protected Material stored in disaster recovery backups or other sources that are not reasonably accessible remain subject to this Protective Order as set forth in Section 4.1.

12.2    The Court shall retain jurisdiction after final disposition of the above-captioned case to hear and resolve any disputes arising out of this Protective Order.

**IT IS SO STIPULATED.**

Dated:  June 28, 2022                        By:_____

Matthew C. Berntsen, Bar No. MB8752
matthew.berntsen@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
Two Seaport Lane
Boston, MA 02210-2001
Telephone: (617) 646-1600
Facsimile: (617) 646-1666

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
1875 Explorer Street
Reston, VA 20190-6023
Telephone:   (571) 203-2700
Facsimile:    (571) 203-2777

Attorneys for Applicant
BAYERISCHE MOTOREN WERKE AG


Dated:  June 28, 2022                        By:/s/*John E. Schiltz (w/ permission)*

John E. Schiltz
Ian Michael Gore
jschiltz@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 9810
Telephone: (206) 505-3845

Attorneys for
ATLANTIC IP SERVICES, LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: June 29, 2022
           White Plains, NY

By: _____

                        NELSON S. ROMÁN
               United States District Judge

The Clerk of Court is kindly directed to terminate the motion at ECF No. 11.

EXHIBIT A—ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety

and understand the Protective Order that was issued by the United States District Court for the

Southern District of New York on [date] in the case of *In Re Ex Parte Application Of*

*BAYERISCHE MOTOREN WERKE AG*, Case No. 7:22-mc-00094-NSR. I agree to comply with

and to be bound by all the terms of this Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Protective Order to any person or entity except in strict compliance with the provisions of

this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of the Actions.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my New York agent for service of process in connection with the Actions or any

proceedings related to enforcement of this Protective Order.

Date: _____

Location where sworn and signed: _____

Printed name: _____

Signature: _____